1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RALPH DEITCH and JANET IMUS,
husband and wife,

                    Plaintiffs,

          v.

THE CITY OF OLYMPIA, et al.,

                    Defendants.

Case No. C06-5394RJB

ORDER ON BHR AND
CRISP MOTIONS FOR
PROTECTIVE ORDER

          This matter comes before the court on BHR and Crisp Motions for Protective Order. Dkt. 27. The court has considered the relevant documents and the remainder of the file herein.

PROCEDURAL HISTORY

          On July 18, 2006, plaintiffs Ralph Deitch and Janet Imus filed a civil action against the City of Olympia, Olympia Police Department officers Cliff Maynard, Jacob Brown, Olympia Police Department sergeant Dan Smith, and Michelle Ashley-Cole.  Dkt. 1.  The complaint alleges (1) a cause of action under 42 U.S.C. § 1983 for violation of plaintiffs' Fourth, Fifth and Fourteenth amendment rights when defendants illegally entered and remained in plaintiffs' home, searched and removed items from the home without a warrant, and when officer Maynard seized Ms. Imus and restrained her from protecting her personal property; (2) theft and conversion of plaintiffs' property; and (3) municipal liability on the part of the City of Olympia. Dkt. 1.

          The claims stem from an event on August 26, 2005, in which officer Maynard and Michelle Ashley-

ORDER
Page - 1

1   Cole entered Mr. Deitch and Ms. Imus' home to retrieve property of Mr. Deitch's sister, Andrea Deitch,

2   aka Dolly Kazar or Dolly Khazar.  Andrea Deitch resided with Mr. Deitch and Ms. Imus, but had allegedly

3   moved from their home before August 26, 2005.  Plaintiffs allege that Andrea Deitch had been receiving

4   treatment from Behavioral Health Resources (BHR) and BHR case manager Sherry Crisp. Plaintiffs

5   contend that Ms. Crisp reported to Adult Protective Services of the State of Washington that Andrea

6   Deitch had made allegations of abuse by plaintiffs while she was residing with them; that Ms. Crisp was

7   involved in making a request to change Andrea's SSI address and payee before May 30, 2005; that Ms.

8   Crisp discussed with Ms. Ashley-Cole the steps "they were taking" to get Andrea Deitch permanent

9   housing; that Ms. Crisp and her husband went to Ms. Ashley-Cole's house with a trailer to collect items

10  Ms. Ashley-Cole had acquired for Andrea Deitch's new residence; and that Ms. Crisp told Andrea Deitch

11  to have a police officer accompany her when she retrieved her belongings from plaintiffs' house.

12          On April 12, 2007, plaintiffs issued a Deposition Subpoena Duces Tecum to the Records Custodian

13  for BHS, which provided in relevant part as follows:

14          You are directed to bring with you any and all non-privileged documents related to Andrea
        Deitch, aka "Dolly Kazar", specifically any and all documents which:
15
    1.      Relate to any communication between BHR employees, staff, officers, directors or agents,
16          which was made to anyone other than a health care provider for Andrea Deitch.  "Health
            care provider" is intended and understood to include, but not be limited to, other BHR
17          employees.  Plaintiffs are not seeking treatment records for Ms. Deitch.  If treatment
            records contain information relevant to this subpoena, plaintiffs understand and agree such
18          treatment information will be redacted prior to production.

19  Dkt. 27, at 5.

20          On June 11, 2007, plaintiffs issued a Deposition Subpoena to Sherry Crisp, noting a deposition for

21  June 19, 2007.  The deposition notice provided in relevant part as follows:

22          You are directed to bring with you any and all non-privileged documents related to Andrea
        Deitch, aka "Dolly Kazar" or "Dolly Khazar", specifically any and all documents which:
23
    1.      Relate to any communication you have had regarding Andrea Deich [sic], aka " Dolly
24          Kazar" or "Dolly Khazar", with the following people or entities:

25          A.      Michelle Ashley-Cole;
            B.      OPD Detective Amy King;
26          C.      OPD Officer Cliff Maynard;
            D.      Adult Protective Services (APS);
27          E.      Washington State Dept. Of Health, or any of its subdivisions;
            F.      Social Security Administration or any of its subdivisions;
28          G.      U.S. Dept of Housing and Urban Development, or any of its subdivisions, and;
            H.      Any other government agency.

2.     Any purchase you have made, or expense you have incurred, to acquire or obtain items for Andrea Deitch, since May 1, 2005.

3.     Any purchase you have made, or expense you have incurred, to acquire or obtain items for Andrea Deitch, in order to help her to relocate her residence, since May 1, 2005.

Dkt. 27, at 7.

MOTION FOR PROTECTIVE ORDER

On June 12, 2007, BHR and Ms. Crisp filed a motion for protective order, contending that the material requested by subpoena is protected health care information and because deposition testimony of Ms. Crisp involves protected health information.  BHR and Ms. Crisp contend that they are precluded by law from disclosing the requested material; and that the materials and testimony invade Washington's statutory privilege protecting doctor-patient communications. BHR and Ms. Crisp request that the April 12, 2007 subpoena duces tecum addressed to BHR and the June 11, 2007 subpoena duces tecum be quashed; and that plaintiff should be precluded from taking deposition testimony and obtaining records from BHR and Ms. Crisp.  Dkt. 17.

In opposition to the motion for protective order, plaintiff contend that BHR improperly ignored the April 12, 2007 subpoena to BHR; and that the conduct of Ms. Crisp that was related to entering plaintiffs' house and retrieving Andrea Deitch's property is not health care information.  Plaintiffs request that they be awarded attorney's fees.

In their reply, BHR and Ms. Crisp contend that both federal and Washington law provide procedures under which a requesting party may obtain health care information. Dkt. 39. BHR maintains that, under the definitions of health information in 45 C.F.R. § 160.103 and RCW 70.02.010(6), everything in BHR's chart and testimony and documents from Ms. Crisp related to Ms. Deitch are protected.  Dkt. 39.

DISCUSSION

The Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 1320 et seq. (HIPAA) restricts health care entities from disclosure of protected health information, which is defined as follows:

**(4) Health information**
The term "health information" means any information, whether oral or recorded in any form or medium, that –

1                      **(A)** is created or received by a health care provider, health plan, public health authority, employer, life insurer, school or university, or health care clearinghouse; and

2                      **(B)** relates to the past, present, or future physical or mental health or condition of an individual, the provision of health care to an individual, or the past, present, or future

3                      payment for the provision of health care to an individual.

4  42 U.S.C. § 1320d(4).

5        Regulations authorized by HIPAA prohibit *ex parte* communications with health care providers

6  regarding a patient's medical condition without the patient's consent or a qualified protective order.  45

7  C.F.R. § 164.512.  HIPAA's privacy provisions allow disclosure of protected health information in judicial

8  proceedings, provided that both the health care provider providing the information and the party seeking it

9  have met certain requirements.  *See* 45 C.F.R. § 164.512(e).  A health care provider may disclose

10  protected health information in the course of any judicial or administrative proceeding in response to an

11  order of a court or administrative tribunal, provided that the health care provider discloses only the

12  protected health information expressly authorized by such order.  A health care provider may disclose

13  protected health information in response to a subpoena, discovery request, or other lawful process, that is

14  not accompanied by an order of a court or administrative tribunal, if the health care provider receives

15  satisfactory assurance from the party seeking the information that reasonable efforts have been made by

16  such party to ensure that the individual who is the subject of the protected health information that has been

17  requested has been given notice of the request; or the health care provider receives satisfactory assurance

18  from the party seeking the information that reasonable efforts have been made by such party to secure a

19  qualified protective order.  45 C.F.R. § 164.512(e)(1)(ii)(A) and (B).  The protective order must prohibit

20  using or disclosing the protected health information for any purpose other than the litigation, and require

21  the return to the health care provider or destruction of the protected health information at the end of the

22  litigation or proceeding.  45 C.F.R. § 164.512(e)(1)(v).

23        The Washington Health Care Information Access and Disclosure Act (HCDA), RCW 70.02,

24  regulates disclosures and access to health care information.  Under the HCDA, with limited exceptions, a

25  health care provider, an individual who assists a health care provider in the delivery of health care, or an

26  agent and employee of a health care provider may not disclose health care information about a patient to

27  any other person without the patient's written authorization.  RCW 70.02.020, RCW 70.02.060.  Health

28  care information is any information, whether oral or recorded in any form or medium, that identifies or can

1   readily be associated with the identity of a patient and directly relates to the patient's health dare. RCW

2   70.02.010(6).  RCW 70.02.060 authorizes providers to deliver health care information to third parties who

3   comply with its provisions.  The third party must obtain compulsory process and give notice to the patient

4   in time for the patient to seek a protective order from the court.  RCW 70.02.060(1).

5          Plaintiffs contend that they are not requesting health care information in the subpoenas, and that the

6   topics on which Ms. Crisp is to be deposed relate to her communications with third parties, which are not

7   health care information. BHR and Ms. Crisp maintain that all of their records, and any testimony that Ms.

8   Crisp may give during a deposition involve protected health care information protected by HIPAA and

9   HCDA.

10         It is unclear from the pleadings and documents submitted by the parties whether the records

11  requested by the subpoenas contain health care information.  Although the April 12, 2007 subpoena notes

12  that "treatment records" may be redacted, it is not clear that treatment records are the only health care

13  information included in the documents requested.  Further, it is unclear whether Ms. Crisp's

14  communications with the persons or entities identified in the June 19, 2007 contain or involve protected

15  health information.  Although BHR and Ms. Crisp contend that all of the records and any communications

16  Ms. Crisp may have had related to Andrea Deitch are protected by HIPAA and HCDA, some of the

17  records or communications at issue here may not fall within the classification of protected health

18  information.  Nonetheless, the subpoenas are overly broad; BHR and Ms. Crisp's motion to quash should

19  be granted.

20         Plaintiffs have three options.  First, they may obtain consent of Andrea Deitch for release of the

21  records requested and for the deposition of Ms. Crisp. Second, they may limit their request for records and

22  deposition testimony so that there is no question that the documents requested and the topics to be covered

23  in deposition exclude protected health care information.  Third, they may comply with the requirements for

24  notice and/or a protective order as set forth in state and federal law.

25         Therefore, it is hereby

26         **ORDERED** that BHR and Crisp Motions for Protective Order (Dkt. 27) is **GRANTED**.  The

27  Deposition Subpoena Duces Tecum to Records Custodian for Behavioral Health Resources (Dkt. 27, at 5-

28  6) and Deposition Subpoena to Sherry Crisp (Dkt. 27, at 7) are **QUASHED**.  Plaintiffs' request for

1   attorney's fees is **DENIED**.

2         The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any

3   party appearing *pro se* at said party's last known address.

4         DATED this 21st day of June, 2007.

Robert J. Bryan
United States District Judge

ORDER
Page - 6